## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| STX, LLC,<br>1500 Bush Street<br>Baltimore, MD  21230<br>a Maryland Limited Liability Company,<br><br>      Plaintiff,<br><br>            v.<br><br>EPOCH LACROSSE, LLC<br>7642 Washington Avenue South<br>Eden Prairie, MN  55344<br>a Minnesota Limited Liability Company<br><br>SERVE ON:<br>James T. Miceli, Manager<br>Epoch Lacrosse, LLC<br>7642 Washington Avenue South<br>Eden Prairie, MN  55344<br><br>      Defendant. | Civil Action No.:<br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, STX, LLC, through its undersigned counsel, for its Complaint against Epoch Lacrosse, LLC, alleges as follows:

### NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the patent laws of the United States, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. The Local Rules set out in Section VIII of the Local Rules of this District apply to this action.

## THE PARTIES

**A.      THE PLAINTIFF**

2.      Plaintiff STX, LLC ("STX") is a limited liability company organized and existing under the laws of the State of Maryland, has a principal place of business at 1500 Bush Street, Baltimore, Maryland, 21230, and is doing business in this District.

3.      STX manufactures lacrosse and other sporting goods equipment, including lacrosse heads, otherwise known as the catching and throwing portion of a lacrosse stick, for sale in this District, in the United States, and throughout the world. Since its formation in the late 1960's, STX has been known, deservedly, as a highly-talented innovator in the field of lacrosse and other sports equipment. Over the years, STX and STX personnel have been awarded nearly 100 patents by the United States Patent and Trademark Office.

**B.      THE DEFENDANT**

4.      Defendant Epoch Lacrosse, LLC ("Epoch") is a limited liability company formed in 2012, organized and existing under the laws of the State of Minnesota, having a principal place of business at 7642 Washington Avenue South, Eden Prairie, Minnesota  55344, and is doing business in this District. James T. Miceli is Epoch's Manager.

5.      Epoch manufactures lacrosse equipment, including a lacrosse head known as "The Hawk," for sale in this District and in the United States, and is selling and offering to sell them in this District and in the United States.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the subject matter of the claims asserted in this action under 28 U.S.C. § 1331 and 1338(a).

7.      This Court has personal jurisdiction over Epoch because Epoch is doing business in this District, has committed acts of infringement in this District, and/or has caused harm or tortuous injury in this District by acts therein.

8.      Venue properly lies in this district under 28 U.S.C. § 1400(b) because Epoch is subject to personal jurisdiction in this District.

## PATENT INFRINGEMENT – U.S. PATENT NO. 7,955,199

9.      STX is the exclusive licensee of, and has the right to sue to enforce, United States Patent No. 7,955,199 (the "'199 patent"), which issued on June 7, 2011, for an invention entitled "Lacrosse Head Having A Grooved Frame  Member And Independent Stop."  A copy of the '199 patent is attached hereto as **Exhibit A.**

10.     The license to STX grants it the exclusive right to make, use, sell, offer to sell, import and/or license lacrosse heads and sticks incorporating the invention claimed in the '199 patent.

11.     This case involves the ball stop portion of the invention claimed in the '199 patent.

12.     Unlike the invention claimed in the '199 patent, and prior to that invention, the ball stop portion of a synthetic lacrosse head looked, and functioned, like this:



Conventional Ball Stop

13.     The ball stop portion claimed in the '199 patent is markedly different. Preferred embodiments are shown as referenced item 20 in Figures 1, 5, and 7 of the '199 patent – those Figures being as follows:



14.     The Summary of the Invention as set out in the '199 patent describes two illustrative embodiments of the ball stop portion of the invention, namely, "a lightweight lacrosse stick head with an independent ball stop that is separated from the sidewalls in order to reduce weight," (col. 1, lines 37-40) and "a flat or convex ball stop that is constructed so that, in at least one implementation, the ball stop flexes or gives upon ball contact in order to dampen the ball and prevent ball rebound." (col. 1, lines 48-50)

15.     The Detailed Description of the Invention as set out in the '199 patent contains the following descriptions:

> In [the Figs. 1-5] embodiment, a stop member 20 serving as a ball rest sits at the forward end of the throat section 18 and is noncontiguous with or independent of the sidewalls 14, 16. (col. 2, lines 44-46)

> In an embodiment of the present invention, the ball stop 20 is separated from the sidewalls 14, 16 in order to reduce weight. When viewed from a plan view, the surface of the ball stop 20 may range from a concave to a convex surface, and can also be flat. (col. 4, lines 43-47)

16.     The ball stops of the '199 patent provide substantial benefits to lacrosse players who use lacrosse stick heads that have the inventive stops. Some of those benefits are enumerated in column 5 lines 1-24 of the '199 patent as follows:

> By moving the location of the stop **20** towards the scoop **12** and maintaining the fixation location for the handle, the length of the head **10** is increased (to meet NCAA cross dimension rules), which allows for a decrease in the length of the handle (yet still complying with NCAA stick dimensions).  Players deem it advantageous to play with the shortest handles allowable under lacrosse game rules.  Since most plastics are lighter than metal, by reducing the length of the handle, the overall weight of the stick is reduced and playability is improved.  In addition, by lengthening the head **10**, the length of the leathers on a traditionally strung head is increased, which can increase the flex of the pocket in a tightly strung women's lacrosse head.  Pocket flex can improve playability by making heads easier to catch with.

> A convex stop **20** can be beneficial because, with the correct material thickness, the convex stop **20** can act like a bubble and flex or give when the ball makes contact with it.  This flexibility aids in securing the ball in the pocket.  In addition, by moving the stop **20** forward of the stringing holes **24** in the throat section **18** of head **10**, the ball can be secured under the ball stop **20**.  The stop **20** can therefore prevent dislodgement of the ball and impede the release of the ball when the stick is checked, a desirable feature in modern lacrosse sticks.

17.     Since the issuance of the '199 patent in 2011, STX has manufactured and sold various products with ball stop features covered by that patent.  These products include the Proton Power, Super Power, and Xcalibur lacrosse heads, each with a different version of the inventive ball stop.

18.    Earlier this year, Defendant Epoch entered the lacrosse head market with its first lacrosse head product, known as "The Hawk."  Although claiming that its Hawk lacrosse head was "designed from the ground up," in fact it has a forwardly extending ball stop that infringes on the ball stop claims of the '199 patent, as can be seen in the following pictures of the Hawk lacrosse head:



Accused /Hawk Stop Portion                     Accused /Hawk Stop Portion

19.    Epoch has infringed, and continues to infringe, on  claims of the '199 patent by making, using, offering to sell, and selling lacrosse heads, under the name "Hawk" ("the Accused Products") throughout the United States, including in this Judicial District, which embody or are covered by the '199 claims and are in competition with the enumerated STX heads.

20.     STX notified Epoch of STX's '199 patent and the infringement of it by a letter to Epoch's principal, James Miceli, on September 9, 2014.  A copy of that letter is attached as **Exhibit B.**

21.     Instead of acceding to STX's demand to cease manufacture, sale and marketing of the Accused Products, Epoch has engaged counsel who repeatedly has asserted spurious and groundless arguments as to supposed non-infringement and invalidity of the '199 patent.  The correspondence in these regards is attached chronologically as **Exhibits C - I.**

22.     Instead of acknowledging STX's intellectual property rights, Epoch has continued to manufacture, sell and market the Accused Products without a license in defiance of STX's patent rights.

23.     Epoch's infringement is deliberate, willful, wanton, and intentional.

24.     Epoch has caused and will continue to cause STX substantial damages and injury -- including STX's loss of unique product positioning and lost profits due to lost sales of STX's heads incorporating the ball stop invention of the '199 patent -- by virtue of its past and continuing infringement of the '199 patent.

25.     STX will suffer further damage and injury unless and until Epoch is enjoined by this Court from continuing such infringement.  The damage caused by Epoch is irreparable and cannot be adequately compensated for in money damages.

## PRAYER FOR RELIEF

WHEREFORE, STX respectfully requests that Judgment be entered that Epoch has infringed valid claims of the '199 patent and that STX be granted the following relief:

(a)     Entry of a preliminary injunction pending resolution of this action and a permanent injunction thereafter restraining Epoch, its officers, agents, servants, attorneys and all persons acting in concert with Epoch from further acts of infringement of the '199 patent;

(b)     An accounting of damages, and an award of damages sufficient to compensate STX for Epoch's infringement of the '199 patent; including, where applicable and permitted by law, enhanced, punitive, treble and/or statutory damages (including damages under 35 U.S.C. § 284);

(c)     An award of prejudgment interest pursuant to 35 U.S.C. § 284, from the date of each act of infringement of the '199 patent by Epoch until the day a damages judgment is entered herein, and a further award of post judgment interest, pursuant to 28 U.S.C. § 1961, continuing thereafter until such judgment is paid;

(d)     An award of increased damages in an amount not less than three times the amount of damages found by the jury or assessed by this Court, for Epoch's willful and wanton acts of infringement, pursuant to 35 U.S.C. § 284;

(e)     That STX recover from Epoch an award of STX's reasonable attorneys' fees, pursuant to 35 U.S.C. § 285, and STX's costs of suit, pursuant to 35 U.S.C. § 284; and

(f)     Such other and further relief as this Court shall deem appropriate.

STX, LLC

By: _____

James K. Archibald (Bar No. 00097)
Chief Litigation Counsel
STX, L.L.C.
1500 Bush Street
Baltimore, MD 21230
(410) 783-0144
jima@wmtburnett.com

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues triable to a jury.

STX, LLC

By: _____

James K. Archibald (Bar No. 00097)
Chief Litigation Counsel
STX, LLC
1500 Bush Street
Baltimore, MD  21230
(410) 783-0144
jima@wmtburnett.com

Dated:  November 7, 2014